UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 17-23053-CIV-MORENO

ZELTIQ AESTHETICS, INC.,

    Plaintiff,

vs.

NAROTIQUE BEAUTY BAR, INC. d/b/a
NAROTIQUE BEAUTY BAR OR
NAROTIQUE TEETH WHITENING
SERVICES, and CASSANDRA ROBINSON,

    Defendants.
_____/

## ORDER DENYING DEFENDANT ROBINSON'S MOTION TO QUASH

This trademark dispute was brought by Zeltiq Aesthetics, Inc. against Narotique Beauty Bar, Inc. and Narotique's owner, Cassandra Robinson. Zeltiq is a medical technology company that owns or is the exclusive licensee of a process known as Cryolipolysis, a non-invasive procedure involving freezing fat cells without damaging skin. Zeltiq markets its Cryolipolysis device and system under the registered trademarks Zeltiq®, CoolSculpting®, Cryolipolysis®, and Snowflake Design marks, which it distributes exclusively to authorized medical professionals. Zeltiq alleges that Narotique advertises a "CoolSculpting" body sculpting treatment. Thus, it brought this four-count complaint alleging: (1) federal trademark counterfeiting and infringement; (2) federal false advertising and false designation of origin; (3) federal trademark infringement and unfair competition; and (4) violation of Florida's Deceptive and Unfair Trade Practices Act.

On August 17, 2017, the summons and complaint were served on both Defendants. The provided address was vacant. The process server then attempted a second address, where

Glasford Robinson was served in his capacity as father and co-resident of Cassandra Robinson. Narotique answered the complaint without objecting to service. However, Robinson filed a motion to quash service of process.[1] Zeltiq responded, and Robinson chose not to reply.

Robinson argues that the address listed on the summons is not her address, and that a diligent search of the public records would reveal her current address. Thus, Robinson argues that the address where service was effectuated was not her "usual place of abode," and so her father could not accept service on her behalf. Robinson's argument fails for two reasons. First, she has not submitted sufficient evidence to show that she does not reside at the address served. Second, the motion does not comply with Local Rule 7.1(a)(3).

A defendant seeking to quash service of process "must show invalidity of service by clear and convincing proof before being entitled to an order granting a motion to quash. Any conflict in the parties' affidavits or pleadings should be resolved in favor of the plaintiff." *Kammona v. Ontech Corp.*, 587 Fed. App'x 575, 578 (11th Cir. 2014) (internal citations omitted). Here, although Robinson disputes that she resides at the address served, she has not submitted any affidavit or other evidence to refute the evidence in the Affidavits of Service showing that both Defendants were properly served. With only a bare assertion that Robinson did not reside at the address served, absent support or any rebuttal to Zeltiq's evidence, Robinson does not overcome Zeltiq's evidence with clear and convincing proof that service was invalid. *See id.* at 579.

Further, Local Rule 7.1(a)(3) requires a movant to: (1) confer in good faith with the opposing party prior to filing any motion—other than certain motions not relevant here—and (2) include in the motion a certificate of such conferral. "Failure to comply with the requirements of this Local Rule may be cause for the Court to…deny the motion." S.D. Fla. L.R. 7.1(a)(3).

---

[1] Notably, Narotique and Robinson are represented by the same counsel.

Accordingly, it is

**ORDERED AND ADJUDGED** that Robinson's Motion to Quash is **DENIED**. Robinson shall file an answer to the complaint no later than **December 12, 2017**. The Court notes that the case is set for trial for the two-week period beginning June 11, 2018.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th of November 2017.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record